1 KAREN P. HEWITT
United States Attorney
2 NICOLE ACTON JONES
Assistant U.S. Attorney
3 California State Bar No. 231929
United States Attorney's Office
4 880 Front Street, Room 6293
San Diego, California 92101-8893
5 Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

6

Attorneys for Plaintiff
7 United States of America

8                       **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| UNITED STATES OF AMERICA,   Plaintiff,   v.   HORACIO IBARRA-LOPEZ,   Defendant. | Criminal Case No. 07CR2954-JAH  <br><br>**GOVERNMENT'S MOTION FOR:**  <br><br>**(1) FINGERPRINT EXEMPLARS**  <br>**(2) RECIPROCAL DISCOVERY**  <br><br>**TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES**  <br><br>Date: December 10, 2007  <br>Time: 8:30 a.m.  <br>Court: The Hon. John A. Houston |

20       COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

21 Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and

22 hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced

23 case. Said motions are based upon the files and records of this case together with the attached statement

24 of facts and memorandum of points and authorities.

25 //

26 //

27 //

28 //
   //

I

**STATEMENT OF THE CASE**

On October 30, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Horacio Ibarra-Lopez ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On November 15, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

**STATEMENT OF FACTS**

**A.    Defendant's Apprehension**

On October 15, 2007, Border Patrol Agent Weis was patrolling in the Imperial Beach area of operations. At about 7:30 a.m., he was notified via radio of a seismic intrusion device activation in an area known as "South Park." The South Park area is about five miles west of the San Ysidro Port of Entry and about one mile north of the international border. Agent Weis responded to the location of the seismic intrusion device and discovered three people trying to conceal themselves in the brush. Agent Weis approached and identified himself as a Border Patrol agent and conducted an immigration inspection. Defendant Ibarra-Lopez freely admitted that he was a citizen of Mexico without documents allowing him to be in the United States legally. Defendant was arrested and transported to the Imperial Beach Border Patrol Station.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. On October 15, 2007, at about 12:02 p.m., Defendant was advised that his administrative rights no longer applied to him because he was going to be charged criminally for reentering the United States after deportation. Defendant was then advised of his Miranda rights in the Spanish language. Defendant elected to waive his rights and make a statement. Defendant admitted again that he is a citizen of Mexico. Defendant admitted that he crossed illegally into the United States on October 15, 2007 by jumping the border fence. Defendant admitted that he was previously ordered deported from the United States and that he had not applied for permission to re-enter the United States. Defendant stated that he was headed to San Francisco, California.

B.   **Defendant's Criminal and Immigration History**

Defendant's criminal history dates back to 1975. Defendant has at least eight convictions that are too old to score for purposes of calculating his criminal history category. Two of Defendant's prior felony convictions constitute crimes of violence. Specifically, Defendant was convicted August 27, 1976 in San Francisco Superior Court of Robbery in violation of Penal Code Section 211 and sentenced to 73 days in jail. Defendant was convicted March 25, 1984 of Attempted Sexual Assault in Washoe County, Nevada and was sentenced to 18 months in prison.

Defendant has also been convicted of two prior aggravated felony convictions. Specifically, on July 26, 1991, Defendant was convicted in San Diego Superior Court of vehicle theft in violation of Vehicle Code Section 10851(a) and sentenced to 2 years in prison. Defendant was again convicted of vehicle theft on August 23, 1996 in Yolo County Superior Court and sentenced to 32 months in prison.

Defendant has one prior immigration related conviction. On February 11, 2000, Defendant was convicted in this District of both a misdemeanor and a felony count of Illegal Entry in violation of 8 U.S.C. § 1325 and sentenced to 30 months in prison.

Defendant appeared before an Immigration Judge for a deportation hearing on September 30, 1998 and was physically removed from the United States through the Nogales, Arizona Port of Entry on the same date. Defendant was most recently physically removed from the United States to Mexico on July 30, 2002 through the Laredo, Texas Port of Entry.

### III

### UNITED STATES' MOTIONS

A.   **FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth

1  Amendment right against self-incrimination.  United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

B.  **RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 79 pages of discovery and one DVD.  The Government is prepared to schedule a viewing of Defendant's A-File.  The Government will provide counsel with the audiotape from Defendant's hearing before an Immigration Judge as soon as the tape is received and a duplicate has been made.  Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense.  The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2.  Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

IV

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its motions be granted.

DATED:  November 20, 2007.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | Criminal Case No. 07CR2954-JAH |
|                                                          ) | |
|                      Plaintiff,                   ) | |
|                                                          ) | |
| v.                                                    ) | |
|                                                          ) | |
| HORACIO IBARRA-LOPEZ,           ) | CERTIFICATE OF SERVICE |
|                                                          ) | |
|                      Defendant.                ) | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Robert Garcia

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2007.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney