1  KAREN P. HEWITT
   United States Attorney
2  NICOLE ACTON JONES
   Assistant U.S. Attorney
3  California State Bar No. 231929
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5482
   E-mail: nicole.jones@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10
   UNITED STATES OF AMERICA,           ) Criminal Case No. 07CR2954-JAH
11                                     )
              Plaintiff,                )
12                                     ) **GOVERNMENT'S RESPONSE AND**
                                       ) **OPPOSITION TO DEFENDANT'S MOTIONS**
13       v.                            ) **FOR:**
                                       )
14                                     ) **(1) DISCOVERY;**
   HORACIO IBARRA-LOPEZ,               ) **(2) BRADY MATERIAL;**
15                                     ) **(3) JENCKS MATERIAL;**
                                       ) **(4) ATTORNEY VOIR DIRE; AND**
16            Defendant.                ) **(5) LEAVE TO FILE FURTHER MOTIONS**
                                       )
17                                     ) **TOGETHER WITH STATEMENT OF FACTS**
                                       ) **AND MEMORANDUM OF POINTS AND**
18  _____) **AUTHORITIES**
                                       )
19                                     ) Date:    December 10, 2007
                                       ) Time:    8:30 a.m.
20                                     ) Court:   The Hon. John A. Houston

21

22       COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

23  Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and

24  hereby files its Response and Opposition to Defendant's motions for discovery and for leave to file

25  further motions. Said response is based upon the files and records of this case together with the attached

26  statement of facts and memorandum of points and authorities.

27  / /

28  / /

## I

## **STATEMENT OF THE CASE**

On October 30, 2007, a federal grand jury in the Southern District of California returned a one-count Indictment charging defendant Horacio Ibarra-Lopez ("Defendant") with Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On November 15, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

## II

## **STATEMENT OF FACTS**

### A.   **Defendant's Apprehension**

On October 15, 2007, Border Patrol Agent Weis was patrolling in the Imperial Beach area of operations. At about 7:30 a.m., he was notified via radio of a seismic intrusion device activation in an area known as "South Park." The South Park area is about five miles west of the San Ysidro Port of Entry and about one mile north of the international border. Agent Weis responded to the location of the seismic intrusion device and discovered three people trying to conceal themselves in the brush. Agent Weis approached and identified himself as a Border Patrol agent and conducted an immigration inspection. Defendant Ibarra-Lopez freely admitted that he was a citizen of Mexico without documents allowing him to be in the United States legally. Defendant was arrested and transported to the Imperial Beach Border Patrol Station.

At the station, Defendant's biographical information, fingerprints and photograph were entered into the IDENT and IAFIS computer databases, which revealed Defendant's criminal and immigration history. On October 15, 2007, at about 12:02 p.m., Defendant was advised that his administrative rights no longer applied to him because he was going to be charged criminally for reentering the United States after deportation. Defendant was then advised of his Miranda rights in the Spanish language. Defendant elected to waive his rights and make a statement. Defendant admitted again that he is a citizen of Mexico. Defendant admitted that he crossed illegally into the United States on October 15, 2007 by jumping the border fence. Defendant admitted that he was previously ordered deported from the United States and that he had not applied for permission to re-enter the United States. Defendant stated that he was headed to San Francisco, California.

**B.    Defendant's Criminal and Immigration History**

Defendant's criminal history dates back to 1975. Defendant has at least eight convictions that are too old to score for purposes of calculating his criminal history category. Two of Defendant's prior felony convictions constitute crimes of violence. Specifically, Defendant was convicted August 27, 1976 in San Francisco Superior Court of Robbery in violation of Penal Code Section 211 and sentenced to 73 days in jail. Defendant was convicted March 25, 1984 of Attempted Sexual Assault in Washoe County, Nevada and was sentenced to 18 months in prison.

Defendant has also been convicted of two prior aggravated felony convictions. Specifically, on July 26, 1991, Defendant was convicted in San Diego Superior Court of vehicle theft in violation of Vehicle Code Section 10851(a) and sentenced to 2 years in prison. Defendant was again convicted of vehicle theft on August 23, 1996 in Yolo County Superior Court and sentenced to 32 months in prison.

Defendant has one prior immigration related conviction. On February 11, 2000, Defendant was convicted in this District of both a misdemeanor and a felony count of Illegal Entry in violation of 8 U.S.C. § 1325 and sentenced to 30 months in prison.

Defendant appeared before an Immigration Judge for a deportation hearing on September 30, 1998 and was physically removed from the United States through the Nogales, Arizona Port of Entry on the same date. Defendant was most recently physically removed from the United States to Mexico on July 30, 2002 through the Laredo, Texas Port of Entry.

## III

## DEFENDANT'S MOTIONS

**A.    MOTIONS FOR DISCOVERY, BRADY MATERIAL AND JENCKS MATERIAL**

**1.    Discovery in this Matter is Current**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 79 pages of discovery and one DVD. The Government is prepared to schedule a viewing of Defendant's A-File. The Government will provide counsel with the audiotape from Defendant's hearing before an Immigration Judge as soon as the tape is received and a duplicate has been made. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or

that may be material to the defense. As of the date of this filing, the Government has received no reciprocal discovery.

**2.    The Government Has and Will Continue to Comply With Its Discovery Obligations**

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. As set forth above, the Government has complied and will continue to comply with its discovery obligations going forward.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses at the time the Government's Trial Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be produced. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

The United States has provided information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

The Government has asked Border Patrol to conduct an inquiry into whether any video tapes exist that depict the acts alleged in the Indictment. If tapes exist, the Government will produce them.

To the extent Defendant requests any other specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

//
//

**B.  MOTION FOR ATTORNEY VOIR DIRE**

The United States has no objection to attorney conducted voir dire so long as the Government is given equal time to inquire of the potential jurors.

**C.  MOTION FOR LEAVE TO FILE FURTHER MOTIONS**

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

IV

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Defendant's motions be denied.

DATED:  November 29, 2007.

    Respectfully Submitted,

    KAREN P. HEWITT
    United States Attorney


    /s/ *Nicole Acton Jones*
    NICOLE ACTON JONES
    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>HORACIO IBARRA-LOPEZ,<br><br>          Defendant. | Criminal Case No. 07CR2954-JAH<br><br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

   I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

   I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   1. Robert Garcia

   I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

   None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on November 29, 2007.

                                        /s/ *Nicole Acton Jones*
                                        NICOLE ACTON JONES
                                        Assistant U.S. Attorney